IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DARRYL TORNEY GIBSON,
Inmate No. 169618,
     Plaintiff,

vs.                                                  Case No.: 3:15cv458/MCR/EMT

SGT. B. KENT,
     Defendant.
_____/

**REPORT AND RECOMMENDATION**

     This cause is before the court on Plaintiff's civil rights complaint filed under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff was granted leave to proceed in forma pauperis (ECF No. 4).

     Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to

Plaintiff.  Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted).  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." Id.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotation and citation omitted).

  The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted).  The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id. (citing Fed. R. Civ. P. 8(a)(2)).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 678 (quotation and citation omitted).  And "bare assertions"

that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Id. at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679. Finally, consistent with the foregoing precepts, in civil rights cases more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). Upon review of the complaint, the court concludes that facts set forth by Plaintiff fail to state a claim for relief that is plausible on its face. Dismissal of this action is therefore warranted.

An inmate at Century Correctional Institution at all times relevant to the complaint, Plaintiff claims that, while eating in the prison cafeteria, he was suspected of concealing food by Defendant Sgt. B. Kent. In fact, Plaintiff admits he was concealing a "pack of mackeral [sic]" and two bags of carrots at the time (ECF No. 1 at 5). Sgt. Kent performed a body search on Plaintiff, uncovering the food items

Page 4 of 12

which were concealed in Plaintiff's shirt sleeve area (*id.*). Plaintiff alleges that, as Sgt. Kent continued searching in his waist area:

> Sgt. Kent . . . takes his right hand and reaches into my pants and grabs/pulls on my penis and I immediately drop my hands from the wall and said "What the f___ are you doing grabbing on my d___?" And Sgt. Kent said "mother-f_____ I got a wife at home and that's besides the point, you people like to hide stuff right there, it's mother-f__ing n___rs like you I can't stand," as he is now standing at the left side of my body he then says I'm trying to figure out what to do with you. With my adrenalin pumping and furious as to what had just taken place, I take my hands off the wall of the chow hall, adjust my clothing, took one look at Sgt. Kent and said good day Sgt. Kent and walked away to line up with the other inmates at center gate.

*Id.* at 5–6.

Plaintiff deems the above to constitute sexual misconduct or a sexual battery, for which he claims violations of the Prison Rape Elimination Act, of Florida Statutes, Section 944.35, and of Rule 33–602.053 of the Florida Administrative Code. As relief, he seeks damages in the amount of $50,000.00 (ECF No. 1 at 7).

The Prison Rape Elimination Act of 2003, 42 U.S.C. §§ 15601–09 ("PREA") was enacted in an effort to lessen the occurrence of rapes in prisons. Its main focus is upon compiling statistics and developing standards, and regulating federal funding in an effort to combat prison rapes. *See, e.g.,* 42 U.S.C. §§ 15602, 15605. Nowhere in the PREA is there language to suggest that part of its purpose was to create a

Page 5 of 12

private cause of action or a federal right which could be enforced in a Section 1983 action. Thus, it has been uniformly held that the PREA does not create a private right of action whereby an inmate such as Plaintiff may seek relief. *See* Krieg v. Steele, 599 F. App'x 231, 232–33 (5th Cir. 2015); Hawkins v. Walden, No. 5:15-CV-208 (CAR), 2016 WL 5660338, at *7 (M.D. Ga. Sept. 28, 2016) (collecting cases); Grindling v. Diana, No. 16-00424 ACK-KJM, 2016 WL 6080825, at *3–4 (D. Haw. Sept. 9, 2016); Barhite v. Berghuis, No. 1:14-cv-670, 2014 WL 4627166, at *5 (W.D. Mich. Sept. 15, 2014); Jones v. Schofield, No. 1:08-CV-7 (WLS), 2009 WL 902154 at *2 (M.D. Ga. Mar. 30, 2009).

Given the nature of Plaintiff's allegations and his general assertion that Sgt. Kent engaged in sexual misconduct, the court considers that Plaintiff might have intended to bring a claim of cruel and unusual punishment under the Eighth Amendment. His claims fail to state a viable Eighth Amendment claim, however.

"[S]evere or repetitive sexual abuse of a prisoner by a prison official can violate the Constitution." Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006); *see also* Giron v. Corr. Corp. of Am., 191 F.3d 1281, 1290 (10th Cir. 1999) (same); Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997); Boddie v. Schnieder, 105 F.3d 857, 860–61 (2d Cir. 1997). "[S]exual abuse of a prisoner by a corrections officer has no

legitimate penological purpose, and is simply not part of the penalty that criminal offenders pay for their offenses against society." Boxer X, 437 F.3d at 1111 (quoting Boddie, 105 F.3d at 861).

However, the alleged abuse must be objectively serious enough to amount to a constitutional deprivation. Boxer X, 437 F.3d at 1111; *see also* Caffey v. Limestone County, AL, 243 F. App'x 505, 509 (11th Cir. 2007). Under this standard, courts have found no violation in situations more intrusive than that alleged by Plaintiff. *See* Boxer X, 437 F.3d at 1111 (female prison guard's alleged solicitation of a male prisoner's manual masturbation, even under the threat of reprisal, did not present more than de minimis injury, and therefore did not give rise to a claim under the Eighth Amendment); *see also, e.g.*, Moton v. Walker, 545 F. App'x 856, 860 (11th Cir. 2013) (unpublished) (even if defendant prison guard lacked a legitimate penological purpose in conducting a strip search of plaintiff inmate, and guard's alleged smile revealed a "subjectively culpable state of mind," there was no evidence that inmate suffered any injury that was objectively more than de minimis) (citing Boxer X, 437 F.3d at 1111); Caffey, 243 F. App'x at 509 (even if unattended male inmates and visitors briefly observed female inmate's briefly exposed genitals while she changed or used the toilet, her injuries were de minimis); Washington v. Harris, 186 F. App'x 865, 866

(11th Cir. 2006) (unpublished) (inmate's allegations that he suffered momentary pain, "psychological injury," embarrassment, humiliation, and fear after he was subjected to officer's offensive and unwanted touching were de minimis injuries which did not rise to the level of constitutional harms, and although officer's conduct was inappropriate and vulgar, it was not repugnant to humanity's conscience); Jackson v. Madery, 158 F. App'x 656, 661–62 (6th Cir. 2005) (unpublished) (allegation of rubbing and grabbing of prisoner's buttocks in a degrading manner did not amount to an Eighth Amendment violation); Joseph v. U. S. Fed. Bureau of Prisons, 232 F.3d 901 (10th Cir. 2000) (unpublished) (no Eighth Amendment violation stated where plaintiff alleged prison official "touched him several times in a suggestive manner and exposed her breasts to him"); Boddie, 105 F.3d at 861 (a few incidents involving verbal harassment, touching, and pressing without consent are not sufficiently serious to establish Eighth Amendment violation); Jones v. Culinary Manager II, 30 F. Supp. 2d 491, 493, 497–98 (E.D. Pa. 1998) (allegation that guard pinned plaintiff down on boxes, ground his pelvis against plaintiff's buttocks, and threatened sex was not sufficiently serious to be an Eighth Amendment violation); Bonner v. Hall, No. 3:11cv5/MCR/CJK, 2012 WL 5357275, at *3 (N.D. Fla. Oct. 1, 2012) (unpublished) (allegations that correctional officer asked to see inmate's penis, followed by the

Page 8 of  12

officer's licking his lips, does not indicate anything more than a de minimis injury and thus fails to state a constitutional claim), *Report and Recommendation Adopted by* 2012 WL 5357188 (N.D. Fla. Oct. 30, 2012) (unpublished); Allen v. McDonough, No. 4:07cv469/RH/GRJ, 2011 WL 4102525, at *5–6 (N.D. Fla. Aug. 17, 2011) (unpublished) (officer's making sexual comments and gesture to inmate during inmate's shower did not rise to the level of an Eighth Amendment violation), *Report and Recommendation Adopted by* 2011 WL 14103081 (N.D. Fla. Sept. 14, 2011) (unpublished); Robinson v. Davis, No. 3:06cv403/RV/EMT, 2009 WL 153162, at *13 (N.D. Fla. Jan. 22, 2009) (unpublished) (defendant officer's one-time touching of inmate's rear, even when combined with a threat of sexual battery, was not objectively harmful enough to establish an Eighth Amendment violation).

  Here, Plaintiff alleges only a single instance in which Sgt. Kent pulled on his penis underneath his clothing while conducting a search for contraband.  Even though Plaintiff positively states he was repulsed by the intrusion, it was clearly not egregious enough, nor did it involve any sort of additionally offensive sexual conduct, such that it would exceed a de minimis injury.[1]  Moreover, Plaintiff acknowledges that Sgt.

---

[1] In so stating, the court does recognize Plaintiff's allegations that Sgt. Kent uttered insults and racial epithets.  Although certainly offensive, verbal abuse does not present an actionable Section 1983 claim.  *See* McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983); Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008).

Kent's search was justified pursuant to a legitimate penological purpose, and in fact the search revealed contraband that Plaintiff admitted he was concealing. Bell v. Wolfish, 441 U.S. 520, 559–60, 99 S. Ct. 1861, 1884–85 (1979); Caffey, 243 F. App'x at 508. Accordingly, to the extent Plaintiff's complaint may be construed to include an Eighth Amendment claim, it fails to state an actionable claim.

The remainder of Plaintiff's claims for relief are brought under state law; these state law claims should be dismissed without prejudice. It is well established that once a plaintiff's federal claims are dismissed, there remains no independent federal jurisdiction to support the court's exercise of supplemental jurisdiction over state claims against a defendant. *See* Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997). Title 28 U.S.C. § 1367(c)(3) provides that the district court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction. *See* United Mine Workers v. Gibbs, 383 U.S. 715, 725–26, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction. Baggett, 117 F.3d at 1353 (citing Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1569 (11th Cir. 1994); Exec. Software N. Am. v. United States Dist. Court, 15

F.3d 1484, 1493 (9th Cir. 1994); New England Co. v. Bank of Gwinnett Cnty., 891 F. Supp. 1569, 1578 (N.D. Ga. 1995); Fallin v. Mindis Metals, Inc., 865 F. Supp. 834, 841 (N.D. Ga. 1994)).  Taking these factors into account in this case, the undersigned concludes that because all of Plaintiff's federal claims are subject to dismissal, his state law claims should also be dismissed.  The state court is best equipped to research and rule on matters of state law, and principles of comity suggest that it be allowed to do so.[2]

Nonetheless, the court notes that neither the state statute nor the state regulation appear to provide any basis for relief.  Florida Statutes, Section 944.35, is a criminal statute, titled as "Authorized use of force; malicious battery and sexual misconduct prohibited; reporting required; penalties."  It provides criminal penalties for unauthorized uses of force and sexual misconduct; it has not provision creating a civil remedy.  See Jackson v. Crews, No. 3:13cv174/MCR/CJK, 2014 WL 4996207 at *9

---

[2] Dismissal of Plaintiff's state claims without prejudice should not result in unfairness to any party.  The Defendant has not been served, and the statute of limitations has been tolled during the pendency of this action and will continue to be tolled for a period of at least thirty days after dismissal.  See 28 U.S.C. § 1367(d); see also Krause v. Textron Fin. Corp., 59 So. 3d 1085 (Fla. 2011) (finding that § 1367(d) tolled Florida's statute of limitations applicable to constructive trust claim, and approving Scarfo v. Ginsberg, 817 So. 2d 919 (Fla. 4th DCA 2002) (concluding that dismissal of a federal claim for lack of subject matter jurisdiction did not bar application of § 1367(d) to toll state limitations period for claims re-filed in state court)); Blinn v. Fla. Dep't of Transp., 781 So. 2d 1103 (Fla. 1st DCA 2000) (§ 1367(d) applied to toll employee's claims initiated in federal court, then voluntarily dismissed before filing in state court).  Thus, following dismissal, Plaintiff should have more than adequate time to file his state claims in state court if he wishes.

Case No.: 3:15cv458/MCR/EMT

(N.D. Fla. Oct. 7, 2014).  Plaintiff's citation to Rule 33–602.053 of the Florida Administrative Code appears to be in error as no such rule exists.  The court surmises that Plaintiff intended to cite to Rule 33–602.220(3), which provides an apparatus for the Florida Department of Corrections to seek the imposition of criminal or adverse employment action against a corrections officer who engages in sexual misconduct with a prisoner.  *See* Fla. Admin. Code r. 33–602.220(3)(b).  It likewise appears to provide no basis for creating a civil remedy.

Accordingly, it respectfully **RECOMMENDED**:

1. That Plaintiff's claims under the Prison Rape Elimination Act and under the Eighth Amendment be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. That Plaintiff's claims under state laws and regulations be **DISMISSED** without prejudice.

3. That this dismissal be deemed a "strike" for purposes of 28 U.S.C. § 1915(g).

At Pensacola, Florida, this 18th day of November 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

Case No.: 3:15cv458/MCR/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 3:15cv458/MCR/EMT